UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Warren E. Peterson

    v.                          Case No. 15-cv-021-JD

Richard Gerry, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Warren E. Peterson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. no. 1) and an "Amended Petition" (doc. no. 9) (collectively, "Petition"). The Petition is here for preliminary review to determine whether the claims for relief may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states facially valid claims. The court may dismiss any petition that appears legally insufficient on its face. See McFarland v. Scott, 512 U.S. 849, 856 (1994). In conducting this review, the court construes pro se petitions liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Procedural History**

On September 10, 1999, Peterson pleaded guilty to, and was convicted of, two counts of criminal threatening, burglary, witness tampering, and kidnapping, arising out of Peterson's kidnapping of a victim and holding her hostage at gunpoint. On November 10, 1999, the New Hampshire Superior Court in Rockingham County sentenced Peterson to consecutive sentences for burglary, kidnapping, and both criminal threatening counts, and to a concurrent sentence for witness tampering, resulting in a sentence totaling 20 to 50 years. See Doc. No. 1, at 21 (State v. Peterson, No. 1999-S-601 (N.H. Super. Ct., Rockingham Cty. Oct. 1, 2013), slip. op. at 1 (recounting procedural history) (hereinafter "RCSC October 2013 Order").

On March 21, 2001, Peterson filed a motion to withdraw his guilty plea. The state court denied that motion. The New Hampshire Supreme Court declined to accept Peterson's appeal of that order on October 9, 2001. See RCSC October 2013 Order, slip op. at 1.

At some point after the November 1999 sentencing, Peterson requested a sentence review. The Sentence Review Board held a hearing in September 2001 and increased Peterson's sentence to 25 to 70 years. See id.

On November 25, 2002, Peterson, through counsel, filed a petition in federal court under 28 U.S.C. § 2254, challenging

2

his September 1999 conviction, claiming that his plea of guilty was not knowing and voluntary. See Peterson v. Warden, No. 02-cv-548-JD (D.N.H., filed Nov. 25, 2002). The court granted respondent's motion for summary judgment and rejected Peterson's claims challenging his conviction on the merits. See id., 2003 DNH 149, 2003 U.S. Dist. LEXIS 15101 (D.N.H. Aug. 29, 2003), ECF No. 17.

In 2013, Peterson filed a post-conviction proceeding in the state court, asserting that his conviction and consecutive and/or enhanced sentences for multiple counts violated the prohibition against double jeopardy. See Doc. No. 1, at 22 (RCSC October 2013 Order, slip. op. at 2). The state court denied that petition, finding both that Peterson's claims were procedurally defaulted, and that they lacked merit. See Doc. No. 1, at 24-28 (RCSC October 2013 Order, slip op. at 4-8). On January 10, 2014, the New Hampshire Supreme Court declined to accept Peterson's appeal of that order.

**Claims**

In January 2015, Peterson filed the Petition in this court, asserting the following claims (doc. no. 1):

> (1) a double jeopardy/fair notice due process claim, challenging the validity of his burglary and criminal threatening convictions, asserting that: (a) state law, N.H. Rev. Stat. Ann. § 635:1, IV, did not authorize his conviction for both offenses; and (b) the text of that

3

statute did not provide him with fair warning that he could be convicted and sentenced for both offenses;

(2) a double jeopardy/fair notice due process claim, asserting that: (a) in convicting and sentencing him on two counts of criminal threatening, the state bifurcated one continuous act into two offenses resulting in two consecutive sentences; and (b) Peterson did not have fair notice that moving the orientation of the gun from the victim's head to the victim's body would result in two separate convictions and potentially double the length of his sentence;

(3) a double jeopardy claim, asserting that criminal threatening is a lesser included offense of kidnapping;

(4) a double jeopardy claim, asserting a violation of his rights where the same evidence regarding Peterson's use of a firearm was used in multiple enhancements of his sentence as to the two counts of criminal threatening and the kidnapping count;

(5) an equal protection/cruel and unusual punishment claim, asserting that his sentence was grossly disproportionate to the crime, and to sentences received by others similarly-situated;

(6) a due process claim, asserting that the trial court erred in accepting his guilty plea where there were facts raising a bona fide doubt regarding Peterson's competence; and

(7) a claim of ineffective assistance of trial counsel, relating to trial counsel's: (a) failure to raise before the trial court each of the issues raised by Peterson in the Petition (Claim 1-6 above); and (b) failure to raise Peterson's diminished capacity as a mitigating factor at sentencing.

Peterson's Amended Petition (doc. no. 9) restates only the double jeopardy/fair notice claims identified above as Claims 1-4, and provides arguments with citations to authorities with respect to those claims. The Amended Petition does not refer to

Claims 5-7, identified above.  In light of Peterson's pro se status, this court cannot conclude that Peterson intended to forego Claims 5-7, based solely on his failure to relist them in the Amended Petition.  Therefore, the court has listed all of the claims above as the grounds upon which Peterson seeks relief in this action.

The original petition (doc. no. 1) also included a claim of ineffective assistance of post-conviction counsel, relating to (a) counsel's failure to submit a second expert witness report on time in his post-conviction proceedings in state and federal court; and (b) trial counsel's "abandon[ment]" of Peterson before the Sentence Review Board hearing.  That claim is absent from the Amended Petition (doc. no. 9).  Because the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," pursuant to 28 U.S.C. § 2254(i), this court has construed the absence of that claim from the Amended Petition as the result of petitioner's intention not to seek relief on that claim.

## Discussion

The instant petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244.  AEDPA restricts this court's jurisdiction to

5

consider the merits of claims asserted in successive petitions for federal habeas relief. This is Peterson's second habeas petition before this court. If a prisoner wishes to file a "second or successive" habeas petition, he must follow certain procedures before this court can consider his claims, pursuant to 28 U.S.C. § 2244(b). AEDPA requires approval of the federal court of appeals before a second or successive habeas corpus petition, as defined by that statute, may be filed in a federal district court, even if the petition raises new factual or legal grounds for relief. 28 U.S.C. § 2244(b)(2); see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007). AEDPA strips the district court of jurisdiction over such a petition unless and until the federal court of appeals has decreed that it may go forward. See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court." (citing 28 U.S.C. § 2244(b)(3)(A)). A habeas petition filed in the district court without the requisite authorization from the appellate court must be dismissed. See Magwood, 561 U.S. at 331.

    Citing Magwood for the following proposition:

> where . . . there is a "new judgment intervening between the two habeas petitions," an application challenging the resulting new judgment is not "second or successive" at all[,]

6

561 U.S. at 341-42 (citation omitted), Peterson urges this court to find that the Petition is not barred as a successive federal habeas petition. Peterson argues that the "intervening" judgment is the RCSC October 2013 Order, which denied Peterson's most recent motion for post-conviction relief filed in his criminal case. Peterson misconstrues Magwood, however; with respect to both federal habeas petitions, there has been no intervening "judgment" for the purposes of applying AEDPA's restriction on successive petitions.

In Magwood, the Supreme Court found that a claim raised in a second-in-time habeas petition did not render the second petition in that case "successive" under 28 U.S.C. § 2244, because the petitioner was challenging "a new judgment for the first time." 561 U.S. at 324. The new "judgment" in Magwood was a resentencing of the petitioner that occurred after the first petition was litigated, which challenged the validity of the second sentence. See id. at 339.

There is no such intervening judgment here. Peterson challenges the same conviction and sentence that was in effect at the time he filed his first federal habeas petition. Magwood is thus inapposite to this case.

In Burton, 549 U.S. at 152-53, the Supreme Court considered facts similar to those at issue here, where a petitioner in his first federal petition challenged the validity of his

7

conviction, and in a second federal petition challenged issues relating to his sentence. The petitioner's sentence in Burton had been revised over time, but not since the petitioner had filed his first federal petition. In that case, as in this case, no intervening state judgment affecting the bases of the petitioner's detention had issued between the filing of the two federal petitions. Accordingly, here, as in Burton, the petitioner had to seek permission from the court of appeals before filing his second § 2254 petition in the district court.

Because Peterson has neither sought nor obtained the required authorization from the First Circuit to file this successive petition, this court lacks jurisdiction to consider it. See Burton, 549 U.S. at 152-53. The district judge should dismiss the Petition without prejudice to Peterson's ability to request such authorization from the First Circuit.

## Conclusion

For the foregoing reasons, the Petition should be dismissed without prejudice, for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 13, 2015

cc: Warren E. Peterson, pro se